# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

Kenneth G. McDonald,

               Plaintiff

   v.

James Dzurenda, et al.,

              Defendants

Case No. 2:19-cv-01329-JAD-DJA

**Order Granting Leave to File Amended Complaint and Denying Motions**

[ECF Nos. 2, 3, 7]

Pro se plaintiff Kenneth McDonald brings this civil-rights action to redress constitutional violations that he claims he suffered as an inmate at Nevada's High Desert State Prison and the Saguaro Correctional Center.[1] Since filing his initial complaint, which remains unscreened, McDonald has moved for a preliminary injunction and a temporary restraining order; filed an additional motion, captioned as one for "clarification," asking the court to address his pending motions more expeditiously; and submitted three documents labeled "Notice to the Court."[2] Because the notices appear to be efforts to supplement the allegations in his complaint, I grant McDonald leave to file an amended complaint by April 10, 2020, that incorporates all the allegations and claims that he wishes to assert. Because McDonald has not demonstrated that the extraordinary remedy of injunctive relief is warranted, I deny his pending motions.

---

[1] ECF No. 1-1.

[2] ECF Nos. 2, 3, 6, 7, 8, 9.

## I. Motion to Show Cause for a Preliminary Injunction and TRO [ECF Nos. 2, 3]

Simultaneously with his complaint, McDonald moved for a temporary restraining order and preliminary injunction.[3] In support of that relief, McDonald alleges that he has been sent to a private prison in Arizona, which he considers to be a punishment.[4] He explains that he is a Wiccan, and the private prison in Arizona is not meeting his religious needs by allowing him to practice his religion outdoors. He explains that the prisons within the Nevada Department of Corrections allow greater religious freedom, and he asks that the court order he be transferred back to a prison in Nevada.[5]

Injunctive relief, whether temporary or permanent, is an "extraordinary remedy, never awarded as of right."[6] "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest."[7] Furthermore, under the Prison Litigation Reform Act ("PLRA"), preliminary injunctive relief must be "narrowly drawn," must "extend no further than necessary to correct the harm," and must be "the least intrusive means necessary to correct the harm."[8]

I find that McDonald has failed to establish that the extraordinary remedy of injunctive relief is warranted at this time. McDonald has not shown that he is likely to succeed on the

---

[3] ECF Nos. 2, 3.
[4] *Id* at 2.
[5] *Id.* at 4.
[6] *Winter v. Natural Res. Defense Council*, 555 U.S. 7, 24 (2008).
[7] *Am. Trucking Ass'ns, Inc. v. City of Los Angeles*, 559 F.3d 1046, 1052 (9th Cir. 2009) (quoting *Winter*, 555 U.S. at 20).
[8] 18 U.S.C. § 3626(a)(2).

2

merits of any of his claims or that an injunction is in the public interest at this time. So I deny his request for a preliminary injunction and a temporary restraining order.

**II.    Request for Clarification [ECF No. 7]**

Impatient for a decision on his motion for injunctive relief, McDonald filed a "request for clarification." In it, he did not ask for the court to clarify anything it had ordered or done. The request is more of a *hurry-up-and-decide-my-pending-motion* request, designed to spur the court into moving McDonald's pending motions to the front of the very long line of pro se prisoner motions that the court is in the process of evaluating. Because I have now denied those pending motions, I deny McDonald's request for clarification as moot.

**III.   Leave to Amend**

McDonald has also filed three documents labeled "Notice to the Court."[9] It is not clear what the purpose of these documents is, but they appear to contain supplemental allegations that are not included in McDonald's complaint. This method of supplementing allegations in a complaint is not authorized; the court will not piecemeal McDonald's complaint together with allegations asserted in separate documents. McDonald's operative complaint must contain all claims, defendants, and factual allegations that McDonald wishes to pursue in this lawsuit. So, I grant McDonald leave to file a fully complete first amended complaint. McDonald is not required to file an amended complaint, but **if he does not file an amended complaint by April 10, 2020, I will screen his original complaint (ECF No. 1-1) only and disregard any allegations in McDonald's notices to the court.**

If McDonald chooses to file an amended complaint, he is advised that an amended complaint supersedes (replaces) the original complaint, so the amended complaint must be

---
[9] ECF Nos. 6, 8, 9.

complete in itself.[10]  He must file the amended complaint on this court's approved prisoner-civil-rights form, and it must be entitled "First Amended Complaint."  McDonald must follow the instructions on the form.  He need not and should not allege very many facts in the "nature of the case" section of the form.  Rather, in each count, he should allege <u>facts</u> sufficient to show what <u>each</u> defendant did to violate his civil rights.

**IV.  Conclusion**

IT IS THEREFORE ORDERED that the motions for a preliminary injunction and temporary restraining order **[ECF Nos. 2, 3] are DENIED**.

IT IS FURTHER ORDERED that the motion for clarification **[ECF No. 7] is DENIED** as moot.

IT IS FURTHER ORDERED that **plaintiff has until April 10, 2020, to file a First Amended Complaint that contains all of the claims, defendants, and factual allegations that he wishes to assert in this action.  If he does not file an amended complaint by this deadline, the court will screen his original complaint and disregard all supplemental allegations contained in the notices to the court.**

IT IS FURTHER ORDERED that the Clerk of the Court is directed to **SEND** to Plaintiff the approved form for filing a § 1983 complaint, instructions for the same, and a copy of his complaint and notices to the court (ECF Nos. 1-1, 6, 8, 9).  If Plaintiff chooses to file a first

---

[10] *See Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) (holding that "[t]he fact that a party was named in the original complaint is irrelevant; an amended pleading supersedes the original"); *see also Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (holding that for claims dismissed with prejudice, a plaintiff is not required to reallege such claims in a subsequent amended complaint to preserve them for appeal).

amended complaint, he must use the approved form and write the words "First Amended" above the words "Civil Rights Complaint" in the caption.

Dated: March 9, 2020

_____
U.S. District Judge Jennifer A. Dorsey